AETNA CASUALTY & SURETY COMPANY v. JOSEPH M. BROS AND ANOTHER. GEORGE H. HARDISTY, APPELLANT.[1]

June 25, 1948.

No. 34,747.

[1]Reported in 33 N. W. (2d) 46.

*R. H. Fryberger* and *G. W. Townsend,* for appellant.
*Snyder, Gale, Hoke, Richards & Janes,* for respondent.

MAGNEY, JUSTICE.

In 1932, Bros Steel Products Company of Minneapolis contracted with the United States government to furnish certain laundry equipment for veterans' hospitals. Plaintiff executed bonds for the faithful performance of these contracts, the bonds here involved being for $500 and $1,000 respectively. Indemnity agreements were then entered into between the defendants and plaintiff. The company defaulted in the performance of its contracts. Because thereof, plaintiff paid the government $1,500, the combined full amount of the two bonds. It then brought suit against defendants on their indemnity agreements and recovered. Defendant Hardisty appeals from the judgment entered. He will be referred to as defendant.

Defendant pleaded the statute of limitations as a defense. The sole question presented here is whether under the facts it constitutes a valid defense.

The indemnity contract covering the $1,000 bond reads in part as follows:

"* * * the undersigned indemnitor(s) * * * agree * * *:

"First: That they will at all times indemnify and keep indemnified the surety, and * * * save it harmless from and against any and all damages, loss, cost, charges and expenses of whatsoever kind or nature, including counsel and attorney fees, * * * which it shall or may at any time sustain or incur * * * and the *indemnitor(s) will pay over to the surety * * * all sums of money which it * * * shall pay or cause to be paid, or become liable to pay* on account of such suretyship, and on account of any damages, costs, charges, and expenses of whatsoever kind or nature in connection therewith as aforesaid, *such payment to be made to the surety as soon as it shall*

*have become liable therefor,* whether it shall have paid out such sum or any part thereof or not * * *. [Italics supplied.]

* * * * *

"Fifth: That in event any claim is filed with the surety on any bond executed at the request of the indemnitor(s), or if any suit is brought against the surety on any such bond, or in connection therewith the indemnitor(s) hereby covenant and agree to immediately on demand deposit with the surety in current funds an amount sufficient to indemnify it up to the full amount claimed or sued for."

The indemnity agreement covering the $500 bond contains similar provisions.

The facts were stipulated. On January 3, 1934, plaintiff was informed by the attorney for the Bros company that the United States government had made demands upon it for replacement of certain parts and that it had indicated it was going to call on the bonding company to make good. It was also told at that time that upon information then available there appeared to be no liability upon the Bros company or upon the bonding company.

On or about February 24, 1934, plaintiff was given notice by the Bros company of complaints relative to equipment delivered. On June 28, 1934, plaintiff was informed by the Veterans Administration that "New machinery is going to be purchased for Fort Lyon. This means that our $500.00 bond will be forfeited." Between February 24, 1934, and October 12, 1934, unsuccessful attempts were made by plaintiff to have the machinery repaired and the matters adjusted, and it necessarily incurred expenses in that connection. On October 12, 1934, the Veterans Administration wrote plaintiff and made claim for $1,500 on the two bonds. This was the first formal demand sent directly to plaintiff. On November 13, 1934, plaintiff paid the Veterans Administration $1,500 in full settlement. This action was commenced on September 9, 1940.

Defendant asserts that by the terms of the indemnity agreements the statute of limitations commenced to run the moment the plaintiff became liable to the government in any way on its bonds or incurred any expense for which it could seek reimbursement from

defendants; that by the terms of the agreement, as soon as plaintiff could demand a deposit from defendants to indemnify it, or it had spent any funds or incurred any expense of any kind, whether it had paid out any funds or not, its cause of action against defendants accrued. In other words, defendant claims that the statute of limitations commenced to run as soon as plaintiff had incurred expense or became liable to pay on account of such suretyship any charges or expenses, whether it had paid out such sum or any part thereof or not.

As stated, both indemnity contracts contain a provision to the effect that in the event any claim is filed with the surety on any bond or if any suit is brought against the surety on any such bond, or in connection therewith, the indemnitors agree immediately on demand to deposit with the surety in current funds an amount sufficient to indemnify it up to the full amount claimed or sued for; that is, the indemnitee may demand under certain specified conditions the deposit of funds in the nature of collateral security. No formal claim was filed with plaintiff by the government until October 12, 1934. As stated, this action was commenced on September 9, 1940, thus within six years after the claim was filed. So as to this feature the defense of the statute of limitations fails.

Contracts of indemnity may provide for indemnity against loss or damage or for indemnity against liability. They are of two classes. Both are intended to save the indemnitee from loss. A single contract may, however, indemnify against both actual loss or damage and liability. 27 Am. Jur., Indemnity, § 20. The contract here in question is such a contract. It indemnifies against actual loss or damages, and also against liability. The instant action is brought under the terms of the agreement which provides indemnity against loss or damages. These terms constitute a strict contract of indemnity.

In the case of a strict contract of indemnity, no action accrues until the indemnitee has suffered a loss against which the covenant runs by being compelled to pay and paying. 27 Am. Jur., Indemnity, § 2; Barnsback v. Reiner, 8 Minn. 37 (59); Weller v. Eames, 15

Minn. 376 (461) ; Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Mechanics' Sav. Bank v. Thompson, 58 Minn. 346, 59 N. W. 1054; Cary v. National Surety Co. 190 Minn. 185, 251 N. W. 123. The facts here disclose that on November 13, 1934, plaintiff paid the government $1,500, the full amount of its surety bonds. The action on the strict contract of indemnity then accrued. This action was commenced on September 9, 1940. Thus six years had not elapsed since the accrual of this action on the strict contracts of indemnity, and it is therefore not barred by the statute of limitations.

This disposes of the case as we see it. Defendant contends that, since the agreements also provide for indemnity against liability, any action brought on these contracts accrued more than six years prior to the commencement of suit, as expenses had first been incurred by plaintiff more than six years prior to the bringing of this action. Defendants agreed to indemnify against loss or damage, and this action is brought on the strict indemnifying provisions of the agreements. As the loss or damage suffered by plaintiff under this feature of the agreements accrued within six years of the bringing of the action, the statute of limitations is no bar.

Judgment affirmed.

Mr. Justice Knutson, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.