**SAINT PAUL FIRE AND MARINE
INSURANCE COMPANY,
Respondent,**

v.

**CENTRAL NATIONAL INSURANCE
COMPANY OF OMAHA,
Appellant.**

No. C0–91–1368.

Court of Appeals of Minnesota.

Feb. 4, 1992.

Kenneth R. Moen, Dunlap, Finseth, Berndt & Sandberg, P.A., Rochester, for respondent.

Scott J. Otero–Strouts, Norman E. Evidon, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant Central National Insurance Company of Omaha (CNICO) argues the trial court erred in ruling that, (1) CNICO was collaterally estopped from challenging its liability to respondent St. Paul Fire & Marine on a payment bond for debts arising from the default of CNICO's assured, (2) CNICO's payment bond is subject to the limitation period in Minn.Stat. § 574.31 rather than the limitation contained in the bond, (3) St. Paul Fire & Marine is not barred from raising this claim by the doctrine of res judicata, (4) St. Paul Fire & Marine is entitled to indemnification from CNICO and, (5) St. Paul Fire & Marine is entitled to an award of attorney fees. We affirm.

## FACTS

Road Constructors, Inc., was the successful bidder on a state highway project. Road Constructors obtained the bonding for the project required by Minn.Stat. § 574.26 (1984) from St. Paul Fire and Ma-

rine Insurance Company (St. P. Fire). Road Constructors then subcontracted with Jewat Trucking, Inc. (Jewat), to break concrete for the two phases of the project. The subcontract required that Jewat obtain its own performance bond and a labor and material payment bond. Jewat obtained these bonds from Central National Insurance Company of Omaha, naming Road Constructors as the obligee.

Jewat completed the first phase of the project, but only with the help of Road Constructors. Jewat did not complete the second phase, and Jewat subsequently went out of business owing money to, among others, Hercules Equipment & Company (Hercules).

Hercules commenced an action against St. P. Fire, as surety for Road Constructors. St. P. Fire brought a third-party action against CNICO, alleging the damages suffered by Hercules were the responsibility of CNICO as the issuer of the Jewat bond. St. P. Fire sought to recover from CNICO (by way of contribution or indemnity) any damages awarded against St. P. Fire.

While this case was pending in Ramsey County, a similar action against Jewat (and CNICO) was proceeding in Mower County. In the Mower County action, CNICO was found liable for Jewat's default on amounts owed to Iowa Concrete Breaking. This court affirmed the Mower County trial court, and the supreme court denied further review. *Iowa Concrete Breaking Corp. v. Jewat Trucking, Inc.*, 444 N.W.2d 865 (Minn.App.1989), *pet. for rev. denied* (Minn. Nov. 9, 1989).

This case involves the same issue as *Iowa Concrete*, that is, which surety should answer for the default of Jewat. St. P. Fire moved for partial summary judgment on collateral estoppel grounds. CNICO opposed St. P. Fire's motion and brought its own motion for summary judgment, arguing that St. P. Fire's claim was barred by the doctrine of res judicata because it was not asserted in the Mower County action and that it had been commenced more than one year following the date on which Jewat ceased working on its subcontract, contrary to a limitation provision in the surety bond. In addition, CNICO alleges St. P. Fire has not paid any money to Hercules and so is not entitled to indemnification, that St. P. Fire has no right to assert Road Constructors' claim for indemnity, and that St. P. Fire was not a "claimant" as defined by the CNICO payment bond.

The trial court granted St. P. Fire's motion for summary judgment and denied CNICO's. CNICO moved to vacate and amend the order for summary judgment against it, for summary judgment in its favor, for stay of entry of judgment, and for a new trial. The trial court denied these motions and ordered judgment entered in favor of St. P. Fire. CNICO appeals.

Additional facts are recited in the analysis section.

## ISSUES

1. Did the trial court err in concluding that CNICO was collaterally estopped from challenging whether it was liable to St. P. Fire for payment on debts arising from Jewat's default?

2. Is CNICO's payment bond subject to the limitation period in Minn.Stat. § 574.31 rather than the limitation contained in the bond?

3. Is St. P. Fire barred from raising this claim by the doctrine of res judicata?

4. Did the trial court err in determining that St. P. Fire is entitled to indemnification from CNICO?

5. Did the trial court err in awarding attorney's fees to St. P. Fire?

## ANALYSIS

■ On review of a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The facts must be viewed in the light most favorable to the party against whom summary judgment

was granted. *Grondahl v. Bulluck,* 318 N.W.2d 240 (Minn.1982).

## I.

■■■ CNICO argues that the trial court erred in holding that the doctrine of collateral estoppel bars CNICO from denying liability to St. P. Fire for debts arising from Jewat's default. CNICO argues that certain of its defenses are not identical between the claim brought in this case and the claim adjudicated in *Iowa Concrete,* thus precluding the use of collateral estoppel.

■■■ The purpose of collateral estoppel is to prevent needless consideration of matters decided in earlier litigation. *Gulbranson v. Gulbranson,* 408 N.W.2d 216, 217 (Minn.App.1987). Collateral estoppel is appropriately applied where (1) the issue at hand is identical to an issue in the prior adjudication, (2) there was a final judgment on the merits, (3) the party to be estopped was a party or in privity with a party to the prior adjudication, and (4) the estopped party was given a full and fair opportunity to litigate the adjudicated issue. *Johnson v. Consolidated Freightways, Inc.,* 420 N.W.2d 608, 613 (Minn.1988).

Whether the trial court correctly applied the doctrine of collateral estoppel to the present case depends on what issues were determined in *Iowa Concrete.* St. P. Fire argues, and this court agrees, that a key issue in *Iowa Concrete* was the enforceability of the bonds issued by CNICO to Jewat. *See Iowa Concrete,* 444 N.W.2d at 867–68. More specifically, the trial court and court of appeals were asked in that case to construe whether both the payment bond and the performance bond were governed by the provisions in Minn.Stat. § 574.26. Both courts concluded that *both* bonds, by incorporating Road Constructors' subcontract, were essentially converted from private to statutory bonds.[1] *See id.* at 871–2.

Once this court concludes that the payment bond takes on the terms and conditions of the statutory bond by virtue of CNICO's incorporation of the subcontract, CNICO's "separate" defenses based upon the bond's status as a "private bond" in the instant action must fall. This private bond issue was litigated to conclusion in proceedings in which CNICO had a full and fair opportunity to litigate the question. The elements of collateral estoppel are fulfilled in this instance.

## II.

■■■ CNICO argues that the instant action is time-barred under the one-year limitation period contained in the payment bond. The prior litigation established, however, that both bonds issued by CNICO were subject to Minn.Stat. § 574.26. This renders any time limitation in the payment bond invalid as contrary to Minn.Stat. § 574.31. This section provides that as to bonds obtained by contractors for state projects:

> No action shall be maintained on any such bond unless within 90 days after the completion of the contract *and acceptance thereof by the proper public authorities,* the claimant shall file a written notice specifying the nature and amount of the claim and the date of furnishing the last item thereof.

*Id.* (emphasis added).

CNICO has stipulated that the Mower County project has not yet been accepted by the state within the meaning of section 574.31; this allows the clock to continue running on St. P. Fire's action. The trial court's ultimate decision regarding the time limitation in the labor and materials payment bond was correct and is affirmed.

1. The subcontract between Road Constructors and Jewat provided:
THE SUB–CONTRACTOR AGREES AS FOLLOWS:
I. To be bound by the Contractor by terms of the General Contract, to conform to and comply with all of the terms of the General Contract and to assume toward the Contractor all the duties and obligations that the Contractor assumes in the General Contract toward the [state] insofar as they are applicable to this Sub–Contract unless changed in this Sub–Contract.

### III.

CNICO argues that by failing to include Hercules' claim in the prior litigation, St. P. Fire is barred by the doctrine of res judicata from raising it at this time.

 Res judicata bars a second suit for the same claim by the same party. *Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 902 (Minn.1984). Before res judicata can apply, the two complaints must involve the same cause of action and the parties must be the same or in privity with each other. *McMenomy v. Ryden,* 276 Minn. 55, 58, 148 N.W.2d 804, 807 (1967). Res judicata will not apply so long as the two suits involve separate causes of action. *Johansen v. Production Credit Assoc. of Marshall–Ivanhoe,* 378 N.W.2d 59, 61 (Minn.App.1985).

 The prior litigation involved a claim by Iowa Concrete Breaking Corporation that it had not been paid by Jewat. The present case involves a claim by Hercules Machinery that it had not been paid by Jewat. The present case involves a different claimant from the prior litigation. Although the prior litigation established the enforceability of the bonds issued by CNICO to Jewat, CNICO does not point to any law that requires that all parties assert their claims against a bond at the same time.

Res judicata does not bar the St. P. Fire claim.

### IV.

 CNICO claims that since Road Constructors, rather than St. P. Fire, actually paid money to Hercules, St. P. Fire has suffered no loss and is not entitled to indemnity. Generally, an indemnitor's obligation to indemnify only arises after the one to be indemnified has suffered actual loss or damage. *Aetna Casualty & Surety Co. v. Bros,* 226 Minn. 466, 469, 33 N.W.2d 46, 48 (1948); *Trapp v. R–Vec Corp.,* 359 N.W.2d 323, 327 (Minn.App. 1984). In the present case, if CNICO is obligated to indemnify St. P. Fire, Road Constructors will have a reimbursement claim against St. P. Fire for the settlement payment Road Constructors made previous-

ly. That dispute would be between Road Constructors and St. P. Fire. St. P. Fire, in effect, now is bringing a claim on behalf of itself and Road Constructors. In the context of this case that is permissible. There is no error.

### V.

CNICO also contends the trial court erred in awarding St. P. Fire its attorney fees. This court has already noted that the bonds obligate CNICO to pay the attorney fees of a claimant on the bond. St. P. Fire is such a claimant. *See Iowa Concrete,* 444 N.W.2d at 871–72.

### DECISION

Collateral estoppel may be asserted against appellant where its surety liability on the same bonds was established in a prior lawsuit. When the language of a subcontract obligates the subcontractor to obtain payment and performance bonds governed by Minn.Stat. § 574.26 (1984), the statute of limitations period contained in Minn.Stat. § 574.31 (1984) supersedes any contrary period of limitation contained in a bond. The trial court correctly granted summary judgment.

Affirmed.