ADAMS, Justice.
This is the second appeal of this case to this court. The Teachers’ Retirement System (TRS), and others, filed suit against Trust Company Bank for breach of warranty of good title under Code 1975, § 7-4-207, for paying certain State of Alabama warrants over the forged endorsements of the payee. On the first appeal this court reversed a summary judgment for TRS, and remanded for a trial on the merits. Trust Company Bank v. State, 420 So.2d 10 (Ala.1982).
The following facts are included to supplement the statement of facts in our earlier opinion in this case:
On July 7, 1975, TRS received a claim from Lewis Williams for any accumulated contributions due to the estate of his mother,[1] who was a deceased teacher. TRS advised Lewis Williams that his mother’s surviving spouse would be due any accumulated contributions, or, if there was no surviving spouse, the contributions must be paid to the administrator of her estate. TRS also requested the death certificates of Mrs. Williams and her husband, if deceased.
In August 1975, Lewis Williams’s brother, who was the administrator of Dorothy Williams’s estate, advised TRS to send to him the necessary documents regarding his mother’s benefits. TRS responded in the same manner as it had responded to Lewis Williams, including the request for death certificates on both Mr. and Mrs. Williams. By letter dated March 26, 1976, Lewis Williams’s brother, in accordance with the request of TRS, provided TRS with the necessary forms, including death certificates for both Jacob T. Williams and Dorothy Williams, both of whom, according to the death certificates, had resided at 804 North Eighth Street, Gadsden, Alabama.
This appeal is taken by Trust Company Bank from the trial court’s judgment in favor of TRS for $23,458.00 plus interest. This amount represents satisfaction of the claims made by TRS for those warrants that were collected by Trust Company Bank within six years prior to the filing of this lawsuit.
Having conceded that it had breached its statutory warranty in paying the warrants over the forged endorsements of the payee, Trust Company Bank asserted that TRS: (1) failed to make a claim for breach of warranty after it knew or should have known of the breach, and (2) was negligent in issuing warrants after it knew or should have known of Jacob T. Williams’s death. In our prior opinion, we concluded that *249 there were triable issues of fact as to these contentions, id., at 14; on remand, the trial court resolved these issues in favor of TRS. Having carefully reviewed the record of this case, we believe that the lower court’s resolution of these issues was not clearly erroneous or palpably unjust, and, therefore, its judgment is due to be affirmed.
The court below concluded that TRS neither knew nor should have known of Trust Company Bank’s breach of warranty prior to being notified of Jacob T. Williams’s death by the Gadsden superintendent of schools shortly after October 1, 1980. Though the bank has argued persuasively that TRS should have been alerted to Jacob T. Williams’s death upon its receipt of either the unsigned letter requesting the change of address or his death certificate in connection with his wife’s benefits, we believe there was credible evidence from which the trial court could reasonably conclude otherwise. Notably, Jacob T. Williams had sent other unsigned letters to TRS, and, according to TRS, he was one of 10,000 people with the last name Williams for whom TRS had a file.
Next, we consider Trust Company Bank’s claim that negligence on the part of TRS precludes it from recovering for the breach of warranty. Initially, we reject the trial court’s conclusion that Trust Company Bank is estopped from asserting negligence on the part of TRS as a result of collecting the checks at issue without obtaining the endorsement of the depositor-forger. Trust Company Bank’s acceptance of the checks without its customer’s endorsement, though at variance with the written policy of the bank, was in accordance with Code 1975, § 7-4-205(1), and, therefore, within reasonable commercial standards.
The trial court found that Trust Company Bank did not meet its burden of proof under Code 1975, § 7-3-406, as to negligence by TRS in issuing the cheeks in question. In reviewing this determination, we are mindful that the issue of negligence under § 7-3-406 is properly “left to the court or the jury upon the circumstances of the particular cases.” Code 1975, § 7-3-406, Comment 3; J. Gordon Neely Enterprises, Inc. v. American National Bank, 403 So.2d 887, 891 (Ala.1981). We think the trial court reasonably could have concluded that the actions of TRS with respect to the checks issued to Jacob T. Williams constituted “mere laxity in the conduct of business affairs,” which is insufficient to preclude recovery on the claims for Trust Company Bank’s breach of warranty. East Gadsden Bank v. First City National Bank of Gadsden, 50 Ala.App. 576, 582, 281 So.2d 431 (1973).
For all the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.

. Dorothy Williams, the wife of Jacob T. Williams, was also a teacher. She died on April 27, 1973.