403 N.W.2d 223 (1987)
L & H TRANSPORT, INC., Respondent,
v.
The DREW AGENCY, INC., defendant and third party plaintiff, Respondent,
v.
CHUBB AND SONS, INC., third party defendant, petitioner, Appellant,
L & H TRANSPORT, INC., Respondent,
v.
CHUBB AND SONS, INC., petitioner, Appellant.
No. C6-85-104.
Supreme Court of Minnesota.
April 3, 1987.
*224 Douglas R. Archibald, Minneapolis, for appellant.
John L. Prueter, Minneapolis, for L & H Transp., Inc.
David A. Pailly, Minneapolis, for The Drew Agency, Inc.
Considered and decided by the court en banc without oral argument.
AMDAHL, Chief Justice.
In L & H Transport, Inc. v. Drew Agency, Inc., 369 N.W.2d 608 (Minn.App.1986), the Court of Appeals held that the failure of an insured to bring suit against its insurer within the period provided for by a suit limitation clause in the policy barred a suit to recover under the policy only if the insurer could show prejudice. By order we affirmed that decision. L & H Transport, Inc. v. Drew Agency, Inc., 384 N.W.2d 435 (Minn.1986). We granted appellant Chubb and Sons' petition for rehearing for the purpose of reviewing that order. We conclude that our order was incorrect and we withdraw it. The decision of the Court of Appeals is reversed in part and affirmed in part.
This case arose out of an accident which occurred on July 22, 1982. On that day a concrete beam fell off an L & H Transport truck and shattered; the beam was worth $7,514.91, and L & H spent $5,893.09 cleaning up the accident. At the time of the accident, L & H was insured under a cargo marine insurance policy issued by Chubb and Sons; the policy had been written by the Drew Agency, an independent insurance agency. The insurance policy contained a 1-year suit limitation clause. Chubb paid L & H $7,514.91 for the loss of the beam but refused to pay the $5,893.09 cleanup cost, claiming that the policy did not cover cargo cleanup expenses.
In October 1982, L & H commenced suit against the Drew Agency alleging that Drew had failed to provide L & H with cargo insurance which included cleanup coverage; L & H asked for judgment against Drew in the amount of $5,893.09 plus interest.
In May 1983, Drew filed a third-party complaint against Chubb. Drew's complaint alleged that it had provided L & H with cargo insurance from Chubb and that L & H had alleged a loss under the policy for which Chubb has denied coverage. Drew's complaint asked for judgment in its favor on the ground that the cargo policy did provide coverage for cleanup expenses.
On July 2, 1984, a settlement conference was held, and it was agreed that the issue of whether Chubb's policy provided cleanup coverage was a legal issue which would be submitted to the court at that time.
On July 12, 1984, L & H commenced a separate action against Chubb. L & H's complaint alleged that contrary to the parties' intentions at the time of contracting, the policy issued by Chubb failed to provide *225 cleanup coverage. L & H asked that the policy be reformed so as to conform to the intention of the parties, and that L & H be awarded judgment against Chubb in the amount of $5,893.09 plus interest.
On September 5, 1984, the trial court found as a matter of law that the Chubb policy did provide cleanup coverage. Because L & H's action against Drew rested on the theory that Drew failed to provide the coverage it promised and because the court's ruling found that Drew did provide the coverage requested, the court dismissed L & H's action against Drew.
In October 1984, L & H filed four motions: in its action against Drew, (1) for a new trial or, in the alternative, for an amended order, and (2) for leave to amend its complaint to add Chubb as a defendant; (3) in its action against Chubb, for summary judgment; and (4) for an order consolidating its action against Drew and its action against Chubb. Chubb moved for summary judgment dismissal of the action brought against it by L & H on the ground that the suit was barred by the 1-year suit limitation clause contained in the policy. In December 1984, the trial court denied L & H's motions, and it granted Chubb's motion on the ground that L & H had failed to commence suit against Chubb within the 1-year limitation period.
On appeal, the Court of Appeals held that the trial court did not err in granting summary judgment for Drew or in denying L & H leave to amend its complaint to add Chubb as a defendant. We agree with the Court of Appeals and affirm its decision with respect to these issues. The Court of Appeals also held that the trial court erred in ruling that L & H's suit against Chubb was barred by the 1-year suit limitation clause in the policy; it is this portion of the Court of Appeals decision which we erroneously affirmed in our previous order.
The L & H-Chubb insurance policy contained a suit limitation clause which provided that "[n]o suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim * * *." In this case, the accident giving rise to L & H's claim occurred and was discovered by L & H on July 22, 1982; however, L & H did not commence suit against Chubb until July 12, 1984.
The Court of Appeals holding that because Chubb was not prejudiced by L & H's failure to bring suit within the limitation period, L & H could still bring suit against Chubb rested on that court's earlier decision in Loram Maintenance of Way, Inc. v. Consolidated Rail Corp., 354 N.W.2d 111 (Minn.App.1984), pet. for review denied (Minn. January 11, 1985). In Loram, the Court of Appeals, addressing the issue of whether a suit limitation clause in the insurer's policy barred a suit by the insured, held that suit was barred only if the insurer could show prejudice. Id. at 114.
Although we declined to review the Loram decision, in Henning Nelson Const. Co. v. Fireman's Fund Am. Life Ins. Co., 383 N.W.2d 645 (Minn.1986), we addressed the same issue  whether a suit limitation clause in the insurer's policy barred a suit by the insured. We held that prejudice to the insurer was not a proper consideration; rather, the rule is that a suit limitation clause will bar an untimely suit if the clause does not conflict with a specific statute and if the limitation period provided for is not unreasonable in length. Henning, 383 N.W.2d at 650-51.
Understandably, the Court of Appeals decision in Henning, Henning Nelson Const. Co. v. Fireman's Fund Am. Life Ins. Co., 361 N.W.2d 446 (Minn.App.1985), relied upon Loram for its holding that the insurer must show prejudice before a suit limitation clause will work to bar a suit. In our decision in Henning, we spoke to the Court of Appeals reliance on Loram. We held it to be incorrect on the ground that in Loram the Court of Appeals "was considering the effect of the injured party's failure to file a notice of loss with the insurance company within the limitation period *226 prescribed by contract." Henning, 383 N.W.2d at 650, n. 6 (emphasis in original).
We find that we incorrectly distinguished the Loram case in our decision in Henning. Loram and Henning addressed the same issue  whether a suit limitation clause in an insurance policy will bar a suit by the insured commenced outside of the limitation period. To the extent Loram is inconsistent with our decision in Henning, Loram is wrongly decided.
The Loram holding resulted from a confusion of notice limitation clauses with suit limitation clauses. The rules in Minnesota are that when an insurance clause requires notice of a claim to be given within a certain period, failure to give notice within that period absolves the insurer of liability only if the failure prejudices the insurer. Reliance Ins. Co. v. St. Paul Ins. Co., 307 Minn. 338, 239 N.W.2d 922 (1976). When an insurance clause requires suit to be brought within a certain period, failure to bring suit within that period bars suit if the limitation clause does not conflict with a specific statute and is not unreasonable in length. Henning, 383 N.W.2d 645 (Minn.1986).
The Court of Appeals decided this case based on Loram and since Henning controls, we withdraw our original order, L & H Transport, 384 N.W.2d 435 (Minn.1986), and reverse that portion of the Court of Appeals decision inconsistent with Henning.
The first issue stated in the Court of Appeals opinion is "Did the trial court err in ruling that L & H's suit against Chubb was barred by the one-year limitations period contained in the policy?" The issue was correctly stated, but it must not be read as saying the validity of the 1-year policy limitation per se was an issue. It was not. The arguments of L & H were directed toward the applicability, not the validity, i.e., reasonableness, of the limitation period. Since L & H has not raised the issue in the trial court, the Court of Appeals, or this court, we hold that the question of reasonableness of the policy limitation period has been waived.[1]
On appeal to the Court of Appeals, L & H presented four arguments why the 1-year suit limitation clause should not bar its action against Chubb: (1) because Drew was the agent of Chubb and a timely suit against the agent satisfied the clause; (2) because, even if Drew was not the agent of Chubb, Drew's impleader of Chubb satisfied the clause; (3) because the limitation clause is not enforceable by Chubb absent a showing of prejudice; and (4) because Chubb is estopped by its conduct from asserting the limitations defense. Because the Court of Appeals found the third ground dispositive, it did not address the merits of L & H's other arguments. Having reversed the Court of Appeals on this holding, we now address the merits of those arguments not considered by either this court or the Court of Appeals.
L & H argues that the 1-year limitation clause was satisfied by the commencement of suit against Drew within the 1-year period; L & H premises this argument on the assertion that Drew was an agent of Chubb.
L & H's argument is meritless. When L & H commenced suit against Drew in October 1982, its complaint specifically alleged a cause of action, sounding in negligence, against Drew; the complaint in no way evidences an attempt to name Chubb as a defendant. This is not a case where L & H sought to commence suit upon Chubb by naming Chubb as a defendant and serving the summons and complaint, pursuant to Minn.R.Civ.P. 4.03(c), upon Chubb's agent. We also add that the record contains nothing to suggest that Drew was an agent of Chubb authorized to receive service of summons; however, the correctness of L & H's *227 assertion that Drew was an agent of Chubb is a matter we need not and do not address.
L & H also argues that the 1-year suit limitation clause was satisfied by Drew's impleader of Chubb within 1 year of the accident.
This argument is also meritless. Rule 14 of the Rules of Civil Procedure governs third-party practice. Rule 14.01 allows a plaintiff to assert any claim against a third-party defendant which arises out of the transaction or occurrence which is the subject matter of the plaintiff's claim against the third-party plaintiff; however, Rule 14 contains no suggestion that a third-party complaint tolls a limitation period with respect to any claim the plaintiff may have against the third-party defendant. "The filing of a third-party complaint by the original Defendant does not toll the running of the statute [of limitations] on a cause of action between the Plaintiff and a third-party Defendant." Straub v. Desa Industries, Inc., 88 F.R.D. 6, 9 (M.D.Penn. 1980) (interpreting Fed.R.Civ.P. 14(a) which is, in substance, virtually identical to Minn. R.Civ.P. 14.01); see also, Hankinson v. Pennsylvania R.R. Co., 160 F.Supp. 709 (E.D.Penn.1958).
Finally, L & H argues that Chubb is estopped by its conduct from asserting the limitations defense.
A defendant's conduct can be such as to estop that defendant from asserting a time limitation contained in an insurance policy; however, the facts must also show that it would be "unjust, inequitable, or unconscionable to allow the defense to be interposed." 18A G. Couch, Couch on Insurance 2d § 75:195 (1983).
This case is before us from summary judgment dismissal of L & H's claims; thus, our function is limited to determining whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Betlach v. Wayzata Condominium, 281 N.W.2d 328, 330 (Minn.1979). While estoppel is ordinarily a question of fact for the jury, Brenner v. Nordby, 306 N.W.2d 126 (Minn. 1981), when only one inference can be drawn from the facts, the question is one of law. 31 C.J.S. Estoppel § 163a (1964); cf. Engstrom v. Farmers & Bankers Life Ins. Co., 230 Minn. 308, 312, 41 N.W.2d 422, 424 (1950) (stating rule in case involving waiver).
This case presents no genuine issue of material fact; the conduct which L & H argues estops Chubb from asserting the limitation bar is not disputed by Chubb. The trial court did not err in allowing Chubb to assert the limitation bar: as a matter of law, Chubb's conduct was not of the sort which estops it from asserting the limitation defense. Chubb made no representations to L & H upon which L & H relied to its detriment; negotiations between L & H and Chubb did not lull L & H into inactivity; and Chubb's mere denial of liability is not the sort of act which estops it from asserting the limitations defense.
By way of final comment, we note that on July 2, 1984, it was agreed that the issue of whether Chubb's policy provided cleanup coverage was a legal issue, and the parties submitted the issue to the court for determination. Ten days later, L & H commenced suit against Chubb asking that the insurance policy be reformed to include cleanup coverage. On September 5, 1984, the trial court found as a matter of law that the Chubb policy did provide cleanup coverage. The effect of that finding was to render L & H's reformation action moot.
Original order withdrawn; Court of Appeals decision affirmed in part and reversed in part.
NOTES
[1] Even if L & H had not waived this issue, considering the validity of the 1-year limitation solely in light of the facts of L & H's case, the 1-year period is not unreasonable. L & H presented its claim and Chubb paid part of it, refusing to pay only the clean-up costs. L & H even then had about 9 months to start suit against Chubb. Indeed, L & H did start suit well within 1 year but, unfortunately, selected the wrong defendant.