## III

Kent G. Harbison, Fredrikson & Byron, P.A., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas M. O'Hern, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, C.J., and PARKER and FOLEY, JJ.

**SERVICE OIL, INC., Appellant,**

v.

**Thomas TRIPLETT, Commissioner, Minnesota Department of Revenue, Respondent.**

No. C4–87–1742.

Court of Appeals of Minnesota.

Feb. 16, 1988.

Review Denied April 20, 1988.

## OPINION

FOLEY, Judge.

Appellant Service Oil, Inc. seeks review of a June 12, 1987 summary judgment determining that under Minn.Stat. § 269.02, subds. 1 and 7 (1986) respondent Thomas Triplett, Commissioner, Minnesota Department of Revenue, correctly imposed an excise tax of 8 cents per gallon on agricultural alcohol gasoline, more commonly referred to as gasohol, rather than 5.5 cents per gallon as alleged by Service Oil. We affirm.

## FACTS

In November of 1986, Service Oil commenced a declaratory judgment action against the Commissioner concerning the proper construction and application of the gasohol excise tax for border retailers. Service Oil claimed the Commissioner had erroneously applied the border reduction credit and gasohol credit, and improperly imposed an excise tax of 8 cents per gallon on gasohol distributed by Service Oil, rather than 5.5 cents per gallon as authorized under Minn.Stat. § 296.02, subds. 1 and 7. Service Oil also sought an injunction directing the Commissioner to repay the excess excise tax collections and to preclude the Commissioner from collecting an excise tax greater than 5.5 cents per gallon on gasohol from border retailers.

The parties moved for summary judgment and stipulated to the following facts:

1. Service Oil is both a distributor of gasoline as defined in Minn.Stat. § 296.01, subd. 7 and a dealer as defined in Minn.Stat. § 296.01, subd. 9 of gasoline, including gasohol as defined in Minn.Stat. § 296.01, subd. 24;

2. Service Oil is registered with the Minnesota Department of Revenue as both a distributor and a "qualifying service station" pursuant to Minn.Stat. §§ 296.02, subd. 1 and 296.06;

3. Service Oil delivers gasoline to two qualified service stations in Minnesota, including one owned by Service Oil in Moorhead, each of which are located within 7.5 miles (as measured by the shortest route by public road) of a service station selling gasoline located in North Dakota;

4. During the period July 1, 1986 through June 30, 1987 (hereinafter "the period in question"), the relevant excise tax rates in North Dakota were 13 cents per gallon for gasoline and 5 cents per gallon for gasohol made or blended with alcohol manufactured or distilled in North Dakota. *See* N.D.Cent.Code § 57–43.1–02 (Supp. 1985);

5. During the period in question the Minnesota excise tax on gasoline was 17 cents per gallon pursuant to Minn.Stat. § 296.02, subd. 1b(b);

6. During the period in question the Minnesota gasohol credit was equal to 2.5 cents per gallon of gasohol under Minn. Stat. § 296.02, subd. 7(a);

7. The gasohol credit allowed pursuant to Minn.Stat. § 296.02, subd. 7(a) is available to distributors at the time the gasohol is received in Minnesota by the distributors; and

8. During the period in question, the Commissioner collected excise taxes on gasohol sold by Service Oil to qualifying service stations at a rate of 8 cents per gallon and the total amount of tax, which Service Oil seeks to have refunded, is more than $50,000.

On June 12, 1987 the trial court entered summary judgment in favor of the Commissioner, concluding the 8 cents per gallon excise tax imposed against Service Oil's gasohol was properly calculated pursuant to Minn.Stat. § 296.02.

## ISSUE

Did the trial court err in interpreting the proper construction of Minn.Stat. § 296.02, subds. 1 and 7?

## ANALYSIS

The questions presented by the parties' summary judgment motions concern a question of law and this court need not extend any special deference to the trial court's conclusion but may instead conduct an independent review of the question. *See generally Jadwin v. Minneapolis Star & Tribune Co.*, 367 N.W.2d 476, 483 (Minn. 1985).

Minn.Stat. § 296.02, subds. 1, 1b and 7 (1986) provide:

> Subdivision 1. **Tax imposed for motor vehicle use.** There is imposed an excise tax on gasoline used in producing and generating power for propelling motor vehicles used on the public highways of this state. This tax is payable at the times, in the manner, and by persons specified in this chapter. The tax is pay-

able at the rate specified in subdivision 1b.

(a) Notwithstanding any other provision of law to the contrary, the tax imposed on special fuel sold by a qualified service station may not exceed, *or the tax on gasoline delivered to a qualified service station* must be reduced to, a rate not more than three cents per gallon above the state tax rate imposed *on such products* sold by a service station in a contiguous state located within the distance indicated in clause (b).

(b) A "qualifying service station" means a service station located within 7.5 miles, measured by the shortest route by public road, from a service station *selling like product* in the contiguous state.

(c) A qualified service station *shall be allowed a credit by the supplier or distributor,* or both, for the amount of reduction computed in accordance with clause (a).

A qualified service station, before receiving the credit, shall be registered with the commissioner of revenue.

\*   \*   \*   \*   \*   \*

Subd. 1b. **Rates imposed.** The gasoline excise tax is imposed at the following rates:

(a) For the period beginning on the first day of the month following the month of final enactment of Laws 1983, chapter 17, or on the first day of the second month following the month of final enactment of Laws 1983, chapter 17 if the date of final enactment of Laws 1983, chapter 17 is within 15 days of the end of the month, and ending December 31, 1983, gasoline is taxed at the rate of 16 cents per gallon.

(b) For the period on and after January 1, 1984, gasoline is taxed at the rate of 17 cents per gallon.

\*   \*   \*   \*   \*   \*

Subd. 7. **Tax reduction for agricultural alcohol gasoline.** A distributor shall be allowed a credit on each gallon of fuel grade alcohol commercially blended with gasoline or blended in a tank truck with gasoline on which the tax imposed by subdivision 1 is due and payable. The amount of the credit for every gallon of fuel-grade alcohol blended with gasoline to produce agricultural alcohol gasoline is as follows:

(a) For the fiscal year ending June 30, 1987, 25 cents.

(b) On and after July 1, 1987, 20 cents.

The credit allowed a distributor must not exceed the total tax liability under subdivision 1. *The tax credit received by a distributor on alcohol blended with motor fuels shall be passed on to the retailer.*

(Emphasis added.)

The Commissioner asserts and the trial court found that the 8 cents per gallon excise tax on Service Oil's gasohol was properly calculated under the statute in the following manner:

(1) Begin with the 17 cents per gallon gasoline excise tax under Minn.Stat. § 296.02, subds. 1 and 1b(b);

(2) Reduce the 17 cent per gallon excise tax by 2.5 cents for the gasohol credit under Minn.Stat. § 296.02, subd. 7(a);[1]

(3) Upon delivery of gasohol to a qualifying service station, the 14.5 (17 minus 2.5) cent excise tax on gasohol is reduced to 8 cents per gallon for the border reduction credit to qualifying service stations, pursuant to Minn.Stat. § 296.02, subd. 1(a)–(c). The 8 cent per gallon gasohol excise tax is calculated by reducing the 14.5 cent tax to three cents above North Dakota's 5 cent per gallon excise tax on gasohol. This in effect results in a 6.5 cent per gallon border reduction credit (14.5 minus 8), which a distributor must credit to a qualifying service station pursuant to Minn.Stat. § 296.02, subd. 1(a) and (c). To reiterate, the actual tax for gasohol to qualifying border stations is 8 cents per gallon after deducting the 6.5 cent border reduction credit.

---

**1.** Although subdivision 7(a) states the credit is 25 cents per gallon for every gallon of fuel-grade alcohol blended with gasoline to produce agricultural alcohol gasoline (gasohol), the 2.5 cent credit reflects gasohol is comprised of 10 percent of fuel-grade alcohol or ethanol and 90 percent gasoline given federally mandated rules regarding blending.

Service Oil claims the trial court erred in construing Minn.Stat. § 296.02 and instead asserts the appropriate construction of Minn.Stat. § 296.02, subds. 1 and 7 mandate that the border reduction credit to qualifying service stations should be first calculated to reduce the 17 cents per gallon excise tax to 8 cents per gallon and *then* the 2.5 cents per gallon gasohol credit be applied to reduce the rate to 5.5 cents per gallon.

In resolving the appropriate construction and application of Minn.Stat. § 296.02, subds. 1, 1b and 7 this court must attempt to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1986). An examination of the parties' stipulated facts together with a careful reading of the statutory provisions and the normal chain of distribution indicate the trial court did not err in determining the Commissioner properly imposed an 8 cents per gallon excise tax on Service Oil's gasohol.

Minn.Stat. § 296.02, subd. 7 (1986) provides a *distributor* shall receive a gasohol credit on *"each gallon of fuel grade alcohol commercially blended with gasoline or blended in a tank truck with gasoline on which the tax imposed by subdivision one is due and payable." Id.* The distributor "shall" pass the credit on to retailers. *Id.* The parties stipulated that the gasohol credit under Minn.Stat. § 296.02, subd. 7 is available to distributors at the time the gasohol is *received* in Minnesota by the distributor. The parties and this court are bound by this stipulation. *Abendroth v. National Farmers Union Property & Casualty Co.,* 363 N.W.2d 785, 787 (Minn. Ct.App.1985).

Under Minn.Stat. § 296.02, subd. 1, a qualifying service station is entitled to the border reduction credit from a distributor or supplier for the gas or gasohol "delivered" to the station as provided in Minn. Stat. § 296.02, subd. 1(a)–(c). Since the parties have stipulated a distributor is entitled to the gasohol credit at the time the gasohol is received in Minnesota, whereas a qualifying service station is not entitled to the border reduction credit from the distributor until, or for, the gas or gasohol

"delivered" to the station, there is no support for the proposition that the gasohol credit should only be applied after a distributor delivers the gasohol to the qualified service station and after the reduction for the qualifying station border credit.

Since the gasohol credit is immediately available to distributors, that credit would be "passed on" to all retailers when purchasing gasohol and would be reflected in a reduced tax rate on gasohol delivered by distributors to all service stations. However, the qualified service station border credit is a credit allowed by a supplier or distributor to only qualifying border stations. The border reduction credit is allowed against the *tax* on gasoline or gasohol "delivered" to the qualified service station.

The logical chain of distribution and the language within subdivision 1 and 7 support that the distributor's gasohol credit is first applied to reduce the tax rate on gasohol delivered to all stations for retailers. However, if a distributor delivers gasohol to a qualified service station, the distributor is to then allow a border reduction credit against the tax rate on the gasohol delivered to that station. That tax rate already includes the reduction for the distributor gasohol credit.

It further appears that in order to calculate the appropriate qualifying service station border credit under subdivision 1(a)–(c) the first step is to determine the appropriate tax on the same product sold in Minnesota and compare it with the state tax rate imposed on "such products" sold by a service station in a contiguous state within 7.5 miles of a qualifying service station. Minn. Stat. § 296.02, subd. 1(a). For comparison purposes for gasohol, the Minnesota gasohol credit must first be applied against the general excise tax to obtain Minnesota's actual excise tax on gasohol. If Minnesota's state excise tax on gasohol is not in excess of three cents of the state tax rate imposed on the same product in a contiguous state, there will be no reduction or credit to the border service station under Minn.Stat. § 296.02, subd. 1(a)–(c).

If the gasohol credit allowed to distributors and passed on to retailers is not includ-

ed in the initial calculation of the gasohol excise tax rate, before comparison to the contiguous state's tax rate on the same product, there would not be a true comparison of the tax rate on "such products" as directed in Minn.Stat. § 296.02, subd. 1(a). Instead there would be a comparison of Minnesota's 17 cent *gasoline* excise tax with North Dakota's 5 cent *gasohol* excise tax. The language "such products" implies the legislature intended the gasohol credit would first be applied against the general gasoline excise tax for purposes of determining Minnesota's gasohol excise tax rate. Then Minnesota's gasohol excise tax rate would be compared to the gasohol excise tax rate in a "contiguous state" for purposes of computing the qualified service station border credit.

If Minnesota's gasohol credit was not applied before calculating the qualifying service station border credit, qualified service stations would receive a double benefit which does not appear to have been intended. Not only would the stations receive the border credit based on an improper comparison between Minnesota's general gasoline excise tax with North Dakota's gasohol excise tax rate, which in this case also reflects a tax break for gasohol similar in purpose to Minnesota's gasohol credit, it would also then receive Minnesota's gasohol credit.

The original reduction or credit for agricultural alcohol gasoline or gasohol under subdivision 7 was enacted in 1980, prior to any border credit for qualifying service stations. *See* 1980 Minn. Laws ch. 607, art. 18, §§ 1–3 (amended by 1983 Minn. Laws ch. 17, § 7; 1st Spec. Sess. 1985 Minn. Laws ch. 14, art. 2, § 2; 1st Spec. Sess. 1986 Minn.Laws, ch. 1, art. 8, § 10). The original subdivision referred to a reduction against the tax imposed by subdivision one, which then included the general excise tax rate for gasoline. 1983 Minn. Laws ch. 17, § 7 deleted the general tax rate from subdivision one and incorporated by reference subdivision 1b, which now sets forth the general gasoline excise tax rate.

In 1981 the legislature implemented the border reduction credit for qualified service stations pursuant to Minn.Stat. § 296.02,

subd. 1(a)–(c). *See* 1981 Minn. Laws ch. 363, § 46. Admittedly there are questions raised by the placement of the qualified service station border credit in subdivision one, and the failure to amend subdivision 7 to specifically reflect the gasohol credit is to be first applied against the general gasoline excise tax imposed by subdivision 1b, before a distributor calculates any qualifying service station border credit. However, in light of the other language in both subdivisions 1 and 7, it does not appear the legislature intended the distributor's gasohol credit was to be passed on to qualified service stations *after* the reduction for the qualifying service station border credit provided in subdivision 1(a)–(c). This interpretation would also be contrary to the parties stipulation that the gasohol credit is immediately available to the distributor at the time the gasohol is received in Minnesota and inconsistent with the normal chain of distribution.

### DECISION

The trial court correctly determined that Minn.Stat. § 296.02 authorizes the Commissioner to impose an 8 cent per gallon excise tax on the gasohol sold by Service Oil.

Affirmed.