William F. HENNING, Appellant,

v.

VILLAGE OF PRIOR LAKE, Respondent.

No. C4–88–1704.

Court of Appeals of Minnesota.

Feb. 21, 1989.
Review Denied April 24, 1989.

Larry B. Guthrie, Nancy B. Hupp, Maun, Green, Hayes, Simon, Johanneson and Brehl, Minneapolis, for appellant.

Kay Nord Hunt, V. Owen Nelson, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and STONE,* JJ.

## OPINION

FOLEY, Judge.

This appeal is from a summary judgment granted to respondent Village of Prior Lake where the parties stipulated that there were no material issues of fact, and where the trial court concluded that Prior Lake had a sufficient legal and factual basis both to require the submission of a new application for Titus 2nd Addition pursuant to Minn.Stat. § 462.358, subd. 3c (1986), and to refuse to replat the land. We affirm.

## FACTS

A plat for Titus 2nd Addition was approved for filing by the Prior Lake City Council on March 4, 1974. This plat was filed by Eagle Creek Properties, and recorded at the Scott County Recorder's office on April 19, 1974. Appellant William F. Henning was president of Titus, Inc., the corporate partner of Eagle Creek properties. The approval of this plat included the dedication of Foothill Trail, which runs through the middle of the plat. In 1977, a portion of Foothill Trail was paved by Eagle Creek Properties at an approximate cost of $15,000.

Of the 26 platted lots, 10 are owned by Henning and his wife. In 1977, Henning requested that development of Titus 2nd Addition be held in abeyance until the real estate market improved. The city council and the mayor, Walter Stock, decided that to accede to Henning's request, they would allow a vacation of the unimproved portion of Foothill Trail and at a later date allow rededication of Foothill Trail. Stock stated by affidavit he understood Henning would request rededication within a reasonable time which, according to Stock would be a maximum of three to five years after the requested vacation. Stock and the city council approved the vacation of a portion of Foothill Trail. Henning did not discuss what effect the vacation would have on the plat of Titus 2nd Addition and any future plans he might have for subdivision.

In 1980, a representative of Henning requested the Scott County Assessor's office tax Titus 2nd Addition on an agricultural basis instead of a residential basis. Henning's representative informed the deputy county assessor that Henning had no intention of doing anything with the property. The deputy county assessor inspected the land and was satisfied that the property was being used for agricultural purposes. Since 1980 the Scott County Assessor's office has taxed the land based on an agricultural classification.

In 1986, Henning requested rededication of the portion of Foothill Trail that had been previously vacated and the issuance of a building permit for each lot marked in the original subdivision plan so that he could develop Titus 2nd Addition. Prior Lake denied Henning's request for rededication of Foothill Trail pursuant to Minn. Stat. § 462.358, subd. 3c. Prior Lake likewise denied the building permits because the lots did not have access to public roads and the permits did not comply with a 1975 amendment to the zoning ordinances prohibiting platting and subdividing of property in areas without city sanitary sewer service. The Titus 2nd Addition property is not serviced by sewer lines.

The trial court entertained cross-motions for summary judgment. The parties stipulated there were no material issues of fact, only interpretation of law was at issue. The trial court granted summary judgment in favor of Prior Lake, concluding that the municipality proceedings were fair and the record clear and complete. This appeal followed.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

When reviewing an order granting summary judgment, this court must determine whether there are any genuine issues of

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

material fact and whether the trial court erred in its application of the law. *L & H Transport, Inc. v. Drew Agency, Inc.,* 403 N.W.2d 223, 227 (Minn.1987) (citing *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979)). Where questions of law are raised, this court is free to conduct an independent review of the law. *Service Oil, Inc. v. Triplett,* 419 N.W.2d 502, 503 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. April 20, 1988). Here, the parties stipulated that there are no issues of fact in dispute and only the interpretation of law is involved.

*Swanson v. City of Bloomington,* 421 N.W.2d 307 (Minn.1988), thoroughly discussed the standard for our review of decisions made by municipal officials:

> In *White Bear Docking and Storage, Inc. v. City of White Bear Lake,* 324 N.W.2d 174, 175 (Minn.1982), we considered the role of the judiciary in countermanding zoning decisions reached by municipal officials and concluded that "[t]he court's authority to interfere in the management of municipal affairs is, and should be, limited and sparingly invoked." We reiterated the rule we had set out in *Honn v. City of Coon Rapids* [313 N.W.2d 409 (Minn.1981)] governing standard of review in zoning matters: "The standard of review is the same for all zoning matters, namely, whether the zoning authority's action was reasonable * * * Is there a 'reasonable basis' for the decision? or is the decision 'unreasonable, arbitrary or capricious'? or is the decision 'reasonably debatable'?" 324 N.W.2d at 176, quoting *Honn,* 313 N.W. 2d at 417.
>
> We said that, except in those rare cases in which the city's decision has no rational basis, "it is the duty of the judiciary to exercise restraint and accord appropriate deference to civil authorities in the performance of their duties." * * *
>
> *       *       *       *       *       *
>
> We determined in *Northwestern College v. City of Arden Hills,* [281 N.W.2d 865 (Minn.1979)] that the scope of review to be used for zoning matters would be the same as that used for state adminis-

trative agency decisions. 281 N.W.2d 865, 868 (Minn.1979). We indicated that the review would be of the record made before the local zoning body. That is, the review by the district court would be made on the municipal record and the supreme court would make its review on the same record. We said, quoting *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824, (Minn.1977), "[I]t is our function to make an independent examination of an administrative agency's record and decision and arrive at our own conclusions as to the propriety of that determination without according any special deference to the same review conducted by the trial court." *Id.*

*Id.* 421 N.W.2d at 311.

In our analysis, it is helpful to review the location of the plat now under consideration. The city planner described the location of the plat at a June 15, 1987 city council meeting as follows:

> [Titus 2nd Addition] is a plat that dates back to the early days of Prior Lake and Eagle Creek Township area. Focus of the issue is the vacation of Foothill Trail which occurred in 1977 at the request of Mr. Henning and subsequently was granted by the city council at that time. * * * Staff reviewed the application and the findings back in 1986 and concluded that the plat had in fact been altered and a replat would have to comply with the conditions and laws applicable today to subdivision regulations. Since 1977, the city has done much more extensive planning and in fact as a result of the 1976 _____ Planning Act, the City of Prior Lake divided the city into urban and rural service districts. This particular plat which is in the extreme northern edge of the community is part of the rural service area and that area which is not subject to receive utilities until the year 2000. * * * If this plat were to be allowed to develop, build out the density, would be much higher than that. On that basis and that interim planning within the last 10 years, the staff denied the plat.

■ Minn.Stat. § 462.358, subd. 3c provides that for two years following final subdivision approval, no amendment to a comprehensive plan shall apply to dedication or platting permitted by the approved application. Thereafter, the municipality may require the submission of a new application unless substantial physical activity and investment has occurred in reasonable reliance on the approved application *and* the subdivider will suffer substantial financial damage as a consequence of a requirement to submit a new application.

The plat for Titus 2nd Addition was approved in 1974, and the vacation of Foothill Trail was approved in 1977. Henning sought rededication of the vacated portion of Foothill Trail in 1986. Henning's request was untimely, and Prior Lake may require Henning to submit a new application under Minn.Stat. § 462.358.

■ However, the statute provides an exception to the requirement of the submission of the new application. If a party can show that substantial physical activity and investment has occurred in reasonable reliance on the approved application *and* that substantial financial damage will be suffered as a consequence of a requirement to submit a new application, no new application shall be required.

The city council passed a resolution finding "the subdivider has not made substantial physical activity and investment in the plat of Titus 2nd Addition." Our review of the record reveals ample support for this finding. Henning argues he has incurred substantial physical activity and investment and will suffer substantial financial damage as a result of having to submit a new application. He offers in support of his contention the $15,000 cost of paving a portion of Foothill Trail and the fact that unplatted his land is worth approximately $35,000 but platted it is worth approximately $187,000. He argues these facts satisfy the requirements of the statute.

We disagree. Henning has done nothing to constitute substantial physical activity and investment. The cost of the pavement of Foothill Trail was incurred by Eagle Properties, *not* Henning. Further, the portion of Titus 2nd Addition where the unimproved Foothill Trail exists is undeveloped land. Henning indicated there has been little activity on the land and in 1980 requested that it be taxed at an agricultural rate. With respect to Henning's potential profit loss, the minutes of the city council's meetings indicate that he bought the land at a low rate in hopes of developing it.

■ Finally, the statute provides an additional exception to the requirement of the submission of a new application within two years:

> In connection with a subdivision involving planned and staged development, a municipality may be resolution or agreement grant the rights referred to herein for such periods of time longer than two years which it determines to be reasonable and appropriate.

Minn.Stat. § 462.358, subd. 3c.

Henning argues that Prior Lake agreed that he could seek rededication of the vacated portion of Foothill Trail at any time. In support, he offers an affidavit from Stock, stating it was his understanding Henning would request rededication of Foothill Trail within a reasonable period of time, not to exceed three to five years. Accordingly, Henning's claim fails as his request came almost 10 years later. Thus, it was reasonable for Prior Lake and within its authority to refuse to rededicate Foothill Trail on the basis of Minn.Stat. § 462.358, subd. 3c.

■ Henning argues that because Prior Lake issued building permits to other landowners on lots within Titus 2nd Addition, it has acted arbitrarily by failing to issue building permits to him.

While it is true that building permits were issued to other landowners in the Titus 2nd Addition, Prior Lake asserts those lots had access to public roads and complied with the 1975 zoning amendment. Henning has failed to show that the other landowners did not comply with the 1975 zoning amendment and that the city acted arbitrarily.

Henning was denied building permits because his lots did not have access to public

roads and did not comply with the 1975 amendment to the zoning ordinance. Thus, it was reasonable for Prior Lake to deny the building permits requested by Henning.

Finally, Henning raises an equal protection argument not raised at the trial court level. Constitutional issues may not be raised for the first time on appeal. *St. Paul Citizens for Human Rights v. City Council*, 289 N.W.2d 402, 407 (Minn.1979).

## DECISION

Upon review of the city council's records and decision, we hold that Prior Lake had a reasonable basis for requiring a new application under Minn.Stat. § 462.358, subd. 3c, and for declining to issue the building permits.

AFFIRMED.