Orrie **THOMPSON**, Appellant,

v.

**ALLSTATE INSURANCE COMPANY**, Respondent.

No. C3–87–873.

Court of Appeals of Minnesota.

Sept. 22, 1987.
Review Denied Nov. 13, 1987.

Jonathan D. Gallop, Milavetz & Associates, P.A., Brooklyn Park, for appellant.

Frederick C. Brown, William M. Ojile, Jr., Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal of a declaratory judgment action in which appellant Orrie Thompson was denied underinsured motorist benefits from respondent Allstate Insurance Company pursuant to Minn.Stat. § 65B.49, subd. 4a (Supp.1985).

Appellant was involved in an automobile accident and suffered damages exceeding the statutorily permitted maximum liability for underinsured motor vehicles. The trial court, finding the statute clear and unambiguous, granted summary judgment for respondent. Appellant argues that this court should declare the statute void as against public policy. We find the statute to be the legislature's statement of what the public policy is on this matter and therefore we affirm.

## FACTS

On May 12, 1986 appellant Orrie Thompson's motorcycle was struck by Hartley Ericson's automobile causing Thompson bodily injury. Ericson's fault was greater than Thompson's in causing the accident.

At the time of the accident Thompson had underinsured motorist bodily injury coverage with respondent Allstate Insurance Company. This coverage had limits of $30,000 per accident for injury to one person, and $60,000 per accident for injury to two or more persons. Thompson was charged a premium of $.10 per six month policy period for this coverage by Allstate.

Ericson, the other participant in the accident, was insured by State Farm Insurance Company. His policy with State Farm had a liability limit of $30,000 for bodily injuries to one person. In June of 1986 State Farm orally offered to pay Thompson the sum of $30,000, the limit of Ericson's bodily injury liability coverage. The same month Thompson contacted Allstate and orally made a claim for underinsured motorist coverage.

On June 26, 1986 Allstate denied Thompson's underinsured motorist claim, basing its denial on Minn.Stat. § 65B.49, subd. 4a (Supp.1985). The same day, State Farm informed Allstate that it was prepared to pay Thompson $30,000, giving Allstate notice to substitute its $30,000 for that of State Farm's if Allstate did not wish Thompson to release his claim against Ericson. Allstate subsequently informed State Farm that it would not intervene in its settlement with Thompson.

Thompson then made a second claim with Allstate for underinsured motorist bodily injury coverage. Allstate denied coverage and informed Thompson it had waived any potential subrogation rights it had. Allstate further informed Thompson that he could settle with State Farm if he wished. Within two weeks Thompson was paid $30,000 by State Farm.

Thompson brought a declaratory judgment action seeking a determination of his right to recover underinsured motorist benefits from Allstate under Minn.Stat. § 65B.49, subd. 4a. The parties stipulated to the facts, agreeing the case could be decided as a matter of law. The trial court granted summary judgment in Allstate's favor, finding that a direct application of

the "clear and unambiguous" language of the statute to the stipulated facts leaves no liability on the part of Allstate to Thompson for underinsured motorist benefits.

## ISSUE

Did the trial court properly find as a matter of law that Minn.Stat. § 65B.49, subd. 4a leaves appellant without underinsured motorist benefits from respondent?

## ANALYSIS

On appeal of a summary judgment this court must determine whether any genuine issue of material fact exists and whether the trial court erred in applying the law. *In re Estate of Tourville,* 366 N.W.2d 380 (Minn.Ct.App.1985) *pet. for rev. denied* (Minn. June 27, 1985). Since the facts were stipulated to, this case involves an inquiry into the trial court's application of the law alone.

■ The trial court granted summary judgment in favor of Allstate pursuant to Minn.Stat. § 65B.49, subd. 4a (Supp.1985) which provides:

> With respect to underinsured motor vehicles, the maximum liability of an insurer is the *lesser* of the *difference* between the limit of underinsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; *or* the amount of damages sustained but not recovered. (emphasis added)

The trial court found that the language of this statute was clear and unambiguous, noting:

> It is not for the courts to make, amend, or change the statutory law, but only to apply it. If its language embodies a definite meaning which involves no absurdity or contradiction, the statute is its own best expositor.

*State v. West,* 285 Minn. 188, 197, 173 N.W.2d 468, 474 (1969). The trial court further found that a direct application of the statute to the facts of the case mandated a finding of no liability on the part of Allstate to Thompson for underinsured motorist benefits. We agree with the trial court.

Under Minn.Stat. § 65B.49, subd. 4a the maximum liability of the insurer is the lesser of two amounts. The first amount is the difference between (1) the amount of the policyholder's underinsured motorist coverage and (2) the amount received by the policyholder from the tortfeasor or the tortfeasor's insurer. The second amount is the damages sustained, but not recovered. Which ever amount is less establishes the upper limit of the insurer's liability with respect to underinsured motorist coverage.

With respect to the first amount, Thompson's underinsured motorist insurance covered up to $30,000 in bodily injury. He received $30,000 from the tortfeasor's insurance company. The difference between these two amounts ($30,000 minus $30,000) is zero. With respect to the second amount, unrecovered damages would have to be more than zero to be relevant, and in fact Thompson's claim is based on an additional amount of damages sustained but not compensated. Consequently, the lesser of these two amounts would have to be the first amount, zero. As such, Allstate's liability limit for underinsured motorist coverage with Thompson is zero. Summary judgment was thus appropriate on Thompson's claim against Allstate.

■ It seems the plain language of the statute mandates such a result. Thompson offers no alternate interpretation of this language that would lead to another result. He does not appear to even seriously argue the statute is ambiguous. Instead, Thompson suggests this court void the statute as contrary to public policy. In support of this position Thompson cites a number of cases applying statutory provisions existing prior to the 1985 amendment to the No-Fault Act which added subdivision 4a to section 65B.49. *See* 1985 Laws ch. 168, § 12; 1985 Laws ch. 309, § 6.

When the Minnesota legislature amended section 65B.49 to include subdivision 4a, the subdivision became not only the law, but the public policy of the state as well. "Public policy, where the legislature has spoken, is what it has declared that policy

to be. So far as the question of policy is concerned, our statute settles the matter." *Park Construction Co. v. Independent School District No. 32, Carver County,* 209 Minn. 182, 186, 296 N.W. 475, 477 (1941).

Additionally, the mere fact that the amendment is inconsistent with prior law does not make it subject to judicial attack. In fact, an amendment to a statute is usually presumed to have been intended to effect some change in the law. *Shreve v. Department of Economic Security,* 283 N.W.2d 506, 508 (Minn.1979). Prior judicial decisions which stand for contrary propositions are invalid in so far as they conflict with any such legislative mandate.

We recognize that appellant paid for underinsured motor vehicle coverage which he could reasonably believe would cover the very situation in which he now finds himself. But as the trial court observed, it is not within our power to change the law. That is the exclusive province of the legislature. Appellant has no remedy in this court.

## DECISION

The trial court properly granted summary judgment for Allstate Insurance Co. pursuant to Minn.Stat. § 65B.49, subd. 4a.

Affirmed.