Alan D. BALLAVANCE, Respondent,

v.

SAFECO INSURANCE COMPANY, Appellant.

Nos. C8-88-1172, CO-88-1246.

Court of Appeals of Minnesota.

Nov. 15, 1988.

Review Denied Jan. 25, 1989.

Andrew R. Larson, Larson, Huseby & Brodin, Ltd., Duluth, for respondent.

Colby B. Lund, Arthur, Chapman & McDonough, P.A., Minneapolis, for appellant.

Heard, considered and decided by SHORT, P.J., and KALITOWSKI and STONE,* JJ.

## OPINION

SHORT, Judge.

Both parties appeal from the trial court's summary judgment in an action brought by an insured to recover under his insurance policy. We affirm in part and reverse in part.

## FACTS

On October 30, 1985, Alan Ballavance was involved in an automobile accident when the car he was driving collided with a vehicle driven by Donald Kneepkens. Sheila Ballavance, Gia Ballavance and Peggy Stube were passengers in the car driven by Ballavance.

Kneepkens was insured by State Farm Mutual Insurance Co. ("State Farm"). Ballavance settled his personal injury claim with State Farm for $50,000. The passengers settled with State Farm as well.

Ballavance owned three policies issued by Safeco Insurance Co. ("Safeco"). The Safeco policy insuring the vehicle he was driving was renewed hours before the accident and was effective from October 30, 1985, through April 30, 1986. The policy provided underinsured coverage in the amount of $30,000 per person and $60,000 per occurrence.

The policy Ballavance bought in October 1985 contained language prohibiting the stacking of policy coverages. In April, 1986, however, Safeco sent to its policyholders, along with their contract of renewal, a "Notice of Policy Change." The notice included the following explanation:

> Although it was not our intent when these coverages were developed and priced, Minnesota Supreme Court decisions have allowed "stacking" (adding together) of the limits that apply to Uninsured Motorists as well as the limits that apply to Underinsured Motorists coverages if you insure more than one car. Under the new law you have the option to select whether or not you wish to be able to stack these limits. If you want your policy to allow the stacking of these limits, please indicate that on the enclosed Selection of Optional Coverages— Minnesota form and return it with your premium payment. Your policy will be changed and your premium adjusted accordingly.

Ballavance elected the option of stacking his coverages, and paid the additional premium amount.

In June of 1985, some four months before Ballavance was injured, the Minnesota legislature changed the law with regard to policy stacking. *See* Act of June 27, 1985, ch. 10, § 68, 1985 Minn.Laws 1st Spec.Sess. 1781, 1840–41. That legislation, which prohibited stacking, became effective on October 1, 1985, about a month before Ballavance was injured.

Ballavance, after settling with State Farm, sued Safeco to recover additional

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

liability compensation. He alleged in his complaint that, by stacking benefits under the Safeco policy, he was entitled to $90,000 in compensation. He also claimed that the $90,000 owed him by Safeco should not be reduced by the $50,000 sum already paid to him by State Farm.

The parties brought cross motions for summary judgment. Ballavance claimed he was entitled to stack liability benefits pursuant to his contract with Safeco. Safeco contested this assertion, and brought a motion of its own, arguing that the benefits State Farm had paid to Ballavance should be deducted from the sum Safeco owed him under the terms of its policy. The trial judge granted both motions, and both parties appeal to this court.

### ISSUES

1. May an insured stack the coverages available under separate insurance policies when Minnesota law prohibits such stacking?

2. May an insurer deduct from the underinsured motorist benefits it would otherwise owe its insured the sum the insured has recovered from the tortfeasor?

### ANALYSIS

In reviewing an order granting summary judgment, this court applies the same standard as the trial court and must determine (1) whether there are any genuine issues of material fact; and (2) whether the trial court erred in its application of law. *L & H Transport, Inc. v. Drew Agency, Inc.*, 403 N.W.2d 223, 227 (Minn.1987) (citing *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979)). When questions of law are raised, this court is free to conduct an independent review of the law. *Service Oil, Inc. v. Triplett*, 419 N.W.2d 502, 503 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Apr. 20, 1988).

There are no issues of fact in dispute in this case. Both parties agree that the issues on appeal involve interpretation of law. Safeco appeals the trial court's decision allowing Ballavance to stack underinsured motorist coverages provided in three separate Safeco policies. Ballavance appeals the trial court's determination that Safeco is entitled to deduct the amount Ballavance received from the tortfeasor from the sum it otherwise would owe him. After an independent review of the law, we conclude that Ballavance cannot stack the underinsured benefits provided in the three Safeco policies and is not entitled to recover any money from Safeco. We therefore affirm in part and reverse in part.

### I.

■ In 1985, the legislature enacted legislation which prohibited the adding together or stacking of benefits provided under separate automobile policies. This legislation changed the common law rule that an insured could stack benefits provided under separate policies up to the limit of the damages sustained in the accident. *See, e.g., Sobania v. Integrity Mutual Insurance Co.*, 371 N.W.2d 197 (Minn.1985); *Doerner v. State Farm Mutual Automobile Insurance Co.*, 337 N.W.2d 394 (Minn. 1983). The 1985 legislation specified, "[i]f at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle." 1985 Minn.Laws 1st Spec. Sess. ch. 10, § 68, codified at Minn.Stat. § 65B.49, subd. 3a(5) (1986).

Minn.Stat. § 65B.49, subd. 3a(6) explicitly forbids the adding together of coverages for two or more vehicles to compensate an injured person.

> Regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy, or premiums paid, in no event shall the limit of liability for uninsured and underinsured motorist coverages for two or more motor vehicles be added together to determine the limit of insurance coverage available to an injured person for any one accident.

1985 Minn.Laws 1st Spec.Sess. ch. 10, § 68, codified at Minn.Stat. § 65B.49, subd. 3a(6) (1986).

Ballavance claims he is entitled to stack the benefits available under each of his three Safeco policies, totalling $90,000 in compensation, despite this clear statutory language to the contrary. He bases his claim upon the letter Safeco sent him in April of 1986 offering him the option of stacking benefits as a form of the policy renewal. This offer, made after the legislature had eliminated the stacking option, resulted from a rather confusing 1985 amendment which was subsequently *repealed by* the 1985 legislature. That provision required insurers to "notify policyholders that they may elect to have two or more policies added together." 1985 Minn. Laws 1st Spec.Sess. ch. 13, § 191, codified at Minn.Stat. § 65B.49, subd. 4(6) (1985) repealed by 1985 Minn.Laws 1st Spec.Sess. ch. 10, § 123, subd. 5.

Until this court decided *In re State Farm Mutual Automobile Insurance Co.,* 392 N.W.2d 558 (Minn.Ct.App.1986), parties to insurance contracts had no legislative or judicial guidance as to whether the legislature intended to permit stacking. This court, in *In re State Farm,* held that the 1985 legislature intended to prohibit stacking, and consequently, there was and still is an absolute prohibition on stacking uninsured and underinsured benefits in Minnesota. 392 N.W.2d at 567.

In addition, the parties had not contracted for benefit stacking at the time the accident occurred. Safeco did not offer the stacking option until February, some three months after the accident. The policy in force at the time of the accident contained language which prohibited stacking. The relevant part of the policy contained the following provision:

> 7. Two or More Autos Insured: Two or More Auto Policies
>
> If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

Because both Minnesota law and the contract in force at the time of the accident prohibited stacking, Ballavance cannot stack the underinsured benefits provided in his three separate policies with Safeco.

## II.

Ballavance argues that the trial court erred in ruling that Safeco was entitled to deduct the $50,000 that State Farm previously paid him from the underinsured policy limits. The insurance contract itself provides:

> Any amounts otherwise payable for damages under this coverage shall be reduced by:
>
> 1. All sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible.

This provision, which clearly specifies that the sum paid by the tortfeasor will be deducted from the underinsured coverage otherwise available, will control absent contrary provisions of law or considerations of policy.

The statutory provision relevant to the issue raised here provides:

> With respect to underinsured motor vehicles, the maximum liability of an insurer is the *lesser* of the *difference between the limit of underinsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury;* or the amount of damage sustained but not recovered.

Minn.Stat. § 65B.49, subd. 4a (1986) (emphasis added).

The Minnesota Supreme Court recently held, consistent with this court's decision in *Thompson v. Allstate Insurance Co.,* 412 N.W.2d 386 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Nov. 13, 1987), that the maximum liability of a claimant's insurer is either (1) the difference between the limits of underinsured coverage and the amount paid to the insured, *or* (2) the amount of damages sustained but not recovered, whichever is the *lesser* amount. *Broton v. Western National Mutual Insurance Co.,* 428 N.W.2d 85, 90 (Minn. 1988); *Thompson,* 412 N.W.2d at 388. If, therefore, the amount the claimant recovers from the tortfeasor is more than the

total underinsured motorist coverage afforded under the claimant's own policy, the claimant may not collect under his or her own policy, regardless of the actual amount of damages sustained. In this case, Ballavance has recovered $50,000 from State Farm, while the maximum underinsured coverage available to him under his own policy with Safeco is only $30,-000. Under this court's analysis in *Thompson*, Ballavance is not entitled to recover any money from Safeco. *Thompson*, 412 N.W.2d at 388.

## DECISION

The trial court erred in its determination that Ballavance was entitled to stack the coverages available under his separate insurance policies. However, the trial court correctly determined that Safeco is entitled to deduct from the amount it would otherwise owe Ballavance the sum he recovered from State Farm.

AFFIRMED IN PART, REVERSED IN PART.