**Loren KOTHRADE, et al., Appellants,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
**Respondent.**

**No. C4–90–1220.**

Court of Appeals of Minnesota.

Nov. 6, 1990.

Sharon L. Van Dyck, Schwebel, Goetz & Sieben, Minneapolis, for appellants.

Thomas O. Albers, Gregory Johnson, Arthur, Chapman & McDonough, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., HUSPENI and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellants Loren and Jocelyn Kothrade, and minors Kendra, Kelly and Katherine Kothrade by their mother, Jocelyn Kothrade, challenge the trial court's grant of summary judgment for respondent American Family Mutual Insurance Company. Appellants contend that to determine the amount of underinsured motorist (UIM) benefits pursuant to Minn.Stat. § 65B.49, subd. 4a (1986), the amount paid to each underinsurance claimant in a settlement agreement with the tort-feasor's insurance company should be offset against the per person UIM coverage limit with the aggregate of these differences capped by the UIM per accident limit.

## FACTS

The material facts are not in dispute. On June 7, 1987, Loren Kothrade and his family were driving south in a pickup truck on County Road 19 in Corcoran, Minnesota. Loren and his wife Jocelyn were riding in the passenger section of the truck, while their three minor daughters rode unsecured in the bed of the truck. Bradley Northenscold drove his vehicle through a red light and struck the Kothrade vehicle. On impact, the topper of the truck flew off, and all three children were thrown from the truck. All members of the Kothrade family were seriously injured.

At the time of the accident, the Northenscold vehicle was insured by American Family Insurance in the amount of $30,000 per person and $60,000 per accident. The Kothrade family was also insured by American Family, with UIM coverage also in the amount of $30,000 per person and $60,000 per accident.

In March 1989, the Kothrades entered a settlement agreement with American Family in its capacity as liability insurer for the tort-feasor, Northenscold. The Kothrades accepted $60,000 in return for the release of the insured from further liability. This amount represented the maximum amount that could be recovered per accident under the terms of the Northenscold policy. The amount allocated to each member of the Kothrade family was as follows: Loren, $10,000; Jocelyn, $8,000; Kelly, $13,500; Katherine, $16,000; and Kendra, $12,500. None of the appellants was fully compensated for injuries sustained.

The Kothrade family submitted a claim to American Family to recover UIM benefits under the terms of their own insurance policy. American Family denied the claim, taking the position that no UIM benefits were recoverable because the $60,000 amount paid to the Kothrades as a result of the Northenscold liability policy was equal to their own per accident UIM coverage limit.

In March 1989, the Kothrade family commenced this action to recover UIM benefits from American Family. Following a preliminary arbitration decision, the trial court granted American Family's request for a trial de novo. On December 6, 1989, American Family moved the trial court for summary judgment. The trial court granted the motion for summary judgment on February 27, 1990.

## ISSUE

Did the trial court err in determining that when more than one insured makes a claim to collect UIM benefits, the total amount paid to all underinsurance claimants should be directly offset against the UIM per accident limit?

## ANALYSIS

■ On appeal from summary judgment, the reviewing court must determine whether there are material issues of fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.

1979). The parties agree that there are no issues of material fact and disagree only regarding the application of Minn.Stat. § 65B.49, subd. 4a (1986), to the facts. Our standard of review regarding matters of law is de novo. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

The trial court granted summary judgment for respondents based on its finding that under Minn.Stat. § 65B.49, subd. 4a (1986), UIM benefits are not available when the total amount paid to UIM claimants from sources other than the underinsurance policy exhausts the policy's UIM per accident limit. Appellants dispute this interpretation of the statutory setoff provision. Appellants contend that to calculate UIM benefits when there is more than one UIM claimant, the amount paid to each individual claimant should be offset against the UIM per person limit and the aggregate of these differences should be capped by the UIM per accident limit.

Under appellants' interpretation, they would be entitled to UIM benefits. Specifically, the total of the differences between the per person UIM limit and the amount paid to each appellant in the settlement agreement with respondent as the tort-feasor's insurer is $90,000. Appellants argue that this amount of uncompensated damages should then be capped at the UIM per accident limit, resulting in recovery of $60,000 in UIM benefits. The UIM benefits would be in addition to the $60,000 appellants recovered in settlement from respondent as Northenscold's insurer.

■ A two-step analysis is used to address UIM coverage under the 1986 statutory scheme. First, the statutory definition of an underinsured motor vehicle is considered to determine whether the motor vehicle is underinsured. *Broton v. Western Nat'l Mut. Ins. Co.*, 428 N.W.2d 85, 89 (Minn.1988). The definition provides that an underinsured motor vehicle is "a motor vehicle * * * to which a bodily injury liability policy applies at the time of the accident but its limit for bodily injury liability is less than the amount needed to compensate the insured for actual damages." Minn.Stat.

§ 65B.43, subd. 17 (1986). In this case, the Northenscold vehicle is underinsured because Northenscold's bodily injury liability policy applies, but the per accident limit of $60,000 is less than the amount needed to compensate appellants for the injuries sustained.

The second step in evaluating UIM coverage is to calculate the amount of UIM benefits by applying the statutory setoff provision. *Broton*, 428 N.W.2d at 89. It is the application of the setoff provision when more than one UIM claimant is involved that is in dispute in this case. Minn.Stat. § 65B.49, subd. 4a (1986), provides:

> With respect to underinsured motor vehicles, the maximum liability of an insurer is the lesser of the difference between the limit of underinsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or the amount of damages sustained but not recovered.

The *Broton* court outlined a historical perspective of the changes in Minnesota's UIM benefits legislation to aid in understanding the effect of this statutory provision. *Id.* at 87–88. The overview is briefly summarized here for the same purpose. The legislature enacted what is referred to as the "limits less limits" method of calculating UIM benefits in 1971. According to this method, the amount of UIM coverage was equal to the UIM coverage limit minus the tort-feasor's liability limit. Thus, to recover UIM benefits, the insured's UIM coverage limit must have exceeded the tort-feasor's liability limit. *Id.* (citing *Lick v. Dairyland Ins. Co.*, 258 N.W.2d 791 (Minn. 1977)). This provision was repealed in 1974 when the legislature enacted the Minnesota No–Fault Automobile Insurance Act. In the 1977 amendments to the Act, the legislature enacted what is referred to as the "add-on" method for determining UIM benefits. According to this method, UIM benefits were recoverable to the extent that damages were greater than the tort-feasor's liability limit. *Id.* at 88 (citing *Holman v. All Nation Ins. Co.*, 288 N.W.2d 244 (Minn.1980)). Thus, UIM coverage pro-

vided additional protection up to the UIM coverage limits whenever the liable party did not carry enough insurance to fully compensate damages.

As part of the 1985 Amendments to the No–Fault Act, the legislature enacted the "limits-less-paid" scheme at issue in this case.[1] Under this approach, the amount paid to UIM claimants from any legally liable person or organization must be offset against the amount of UIM coverage available. *Id.* at 89. In effect, UIM coverage became a floor of protection to make up for the deficiency in coverage of the underinsured vehicle. Unlike the add-on statutory scheme, benefits were not available for all uncompensated amounts up to the UIM coverage limits because the UIM coverage limits were offset by the amount paid to the UIM claimants from the tort-feasor or other legally liable sources.

■ Under the limits-less-paid statutory scheme, the application of the setoff provision has not been addressed in the context of multiple UIM claimants. However, the law is settled regarding the application of the setoff provision in the context of only one UIM claimant. UIM coverage compensates the UIM insured only in situations where the applicable personal liability coverage limits, or the amount actually paid to the injured party under such coverage, was less than the injured party's own UIM coverage. Thus, UIM benefits are not available when the UIM per person coverage limit is equal to the tort-feasor's per person bodily injury liability coverage limit, and the UIM claimant has received the full per person recovery under the liability policy. *Broton,* 428 N.W.2d 85, 90; *Ballavance v. Safeco Ins. Co.,* 432 N.W.2d 185, 188 (Minn.App.1988), *pet. for rev. denied* (Minn. Jan. 25, 1989); *Thompson v. Allstate Ins. Co.,* 412 N.W.2d 386, 388 (Minn. App.1987), *pet. for rev. denied* (Minn. Nov. 13, 1987).

■ In this case, the per accident limit must be considered because more than one UIM claimant is involved. The appellants' $60,000 per accident and $30,000 per person

UIM coverage limits are identical to the coverage limits of the tort-feasor's bodily injury liability policy. The appellants recovered the full per accident amount of $60,000 in a settlement with respondent as Northenscold's insurer. Since the method of calculating UIM benefits advocated by appellants would result in the additional recovery of $60,000 in UIM benefits, the method is inconsistent with the statute as it has been applied in the context of one UIM claimant.

The trial court's determination that UIM benefits are not available to appellants is also supported by the legislative history of the limits-less-paid statutory scheme. In *Broton,* the interpretation of this statutory scheme was based in part on the legislature's intent to counteract rising automobile insurance rates. *Broton,* 428 N.W.2d at 88. A major objective of the 1985 amendments was to eliminate the add-on basis of calculating UIM benefits. *Id.*

While appellants do not advocate a pure add-on method of calculating UIM benefits, their approach is more consistent with the add-on statutory scheme than with the limits-less-paid scheme that controls in this case. Appellants do not advocate complete recovery of all uncompensated damages up to the UIM per accident limit, which would have occurred under the add-on UIM statutory scheme. Appellants contend that the setoff provision should be first applied to offset the per person UIM limit by the amount of each claimant's individual recovery, with the total amount of UIM benefits limited to the UIM per accident limit. However, the result is still *adding on* UIM coverage for each individual's uncompensated damages up to the UIM per person limit, and in the aggregate up to the UIM per accident limit. This is inconsistent with the purpose of the limits-less-paid statutory scheme.

The trial court did not rule on an alternative argument for declaratory judgment put forward by respondent because the court found the setoff provision was dispositive. For the same reason, we do not

1. The legislature again amended the statute in 1989. *See* 1989 Minn.Laws ch. 213, § 5.

address the merits of the alternative argument.

## DECISION

Pursuant to Minn.Stat. § 65B.49, subd. 4a (1986), the total amount paid to UIM insureds from the liable party should be directly offset against the UIM per accident limit. The $60,000 appellants recovered from respondent in its capacity as the tort-feasor's insurer must therefore be offset against the appellants' UIM per accident limit of $60,000. The trial court correctly determined that no UIM benefits are available, and we affirm the grant of summary judgment.

Affirmed.