MICHIGAN MUTUAL LIABILITY COMPANY v. KARSTEN.

1. CONTRACTS—INSURANCE—EXCLUSIONS FROM COVERAGE—CONSTRUCTION.

Exceptions to the general liability provided for in a contract of insurance are to be strictly construed against the insurer where the contract is couched in language chosen by the insurer.

2. INSURANCE—UNINSURED MOTORISTS—EXCLUSION—SETTLEMENT.

Clause in uninsured motorists provision of automobile insurance policy which operated to exclude from coverage insured who reached settlement with driver of uninsured automobile *held*, not to preclude settlement with a driver of another insured

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance § 245 *et seq.*
[2, 3] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*

automobile when he is jointly liable with the uninsured motorist for injuries of insured where it clearly was limited to settlements of disputes arising out of use of uninsured automobiles.

3. SAME—LIMITS OF LIABILITY—SETTLEMENT AMOUNT.

Insured was entitled under uninsured motorist provision of automobile insurance policy to recovery from insurer of his total damages, reduced by amount received in settlement with joint tort-feasor who was insured, but not to exceed policy's uninsured motorist limit of liability; clause providing for deduction of amount of settlement was construed to operate on main clause of uninsured motorists provision requiring insurer to pay "all sums" recoverable as damages independently of another clause limiting damages recoverable under main clause to $10,000.

Appeal from Kent, Vander Wal (John H.), J. Submitted Division 3 June 4, 1968, at Grand Rapids. (Docket No. 4,094.) Decided August 27, 1968. Leave to appeal denied by Supreme Court December 11, 1968. 381 Mich 792.

Complaint by Michigan Mutual Liability Company, a Michigan insurance company, against William Karsten and Janet Karsten for declaratory judgment as to rights under policy of automobile insurance. Judgment for defendants. Plaintiff appeals. Affirmed.

*Allaben, Massie, Vander Weyden & Timmer,* for plaintiff.

*Vander Veen, Freihofer & Cook,* for defendants.

McGREGOR, P. J. The present controversy involves a dispute between an insurance company, plaintiff-appellant, and the insured, defendants-appellees, concerning the proper construction of provisions contained in an automobile insurance policy.

Defendants, husband and wife, were injured in a three-car accident. Subsequently, the husband made a settlement without plaintiff's consent with one of two jointly-liable tortfeasors. The settling tortfeasor was insured but the other tortfeasor ·was uninsured. The insurance policy's uninsured-motorist section contained a coverage limit of $10,000, an exclusionary clause for settlement without the company's consent, and a limitation on liability.

The facts present two issues:

(1) Whether an exclusionary clause within the policy's uninsured-motorist section applies to settlements without company consent with uninsured motorists, or with all motorists;

(2) Whether the company's liability should be determined by

(a) subtracting the amount of the settlement with the insured motorist from the policy's coverage limit of $10,000 or,

(b) subtracting the settlement amount from the total amount of damages suffered, but with a maximum liability of the insurance company .in the amount of $10,000.

Plaintiff contends that the exclusionary clause within the uninsured motorist section applies to all motorists and, therefore, defendants' settlement with the insured motorist precludes any recovery. In the alternative, plaintiff claims that the settlement amount should be subtracted from the maximum coverage to determine its liability. In a noteworthy opinion, the trial judge found for the appellees on both issues.

The effect of the exclusionary clause depends on the construction of the following policy provisions:

## "PART IV— PROTECTION AGAINST UNIN- SURED MOTORISTS

"Coverage H— Uninsured Motorists (Damages for Bodily Injury)

"To pay *all sums* which the insured or his legal representative shall be legally entitled to recover *as damages from the owner or operator of an uninsured automobile because of bodily injury,* sickness or disease, including death resulting · therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. * * *

## "EXCLUSIONS

"This policy does not apply under Part IV : * * *
"(b) to *bodily injury* to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with *any person or organization who may be legally liable therefor;"* (Emphasis added.)

The trial court interpreted the sections as follows :

"The language of the policy is clear and unambiguous and the exclusion clause can only mean that the settlement forbidden in this case * * * is one made by the insured with a person legally liable for injuries caused by an accident arising out of the ownership, maintenance or use of the *uninsured* vehicle. This means that the exclusion clause does not prohibit a settlement with a joint tortfeasor liable for injuries arising out of the ownership, maintenance or use of his own *insured* vehicle." * * *

"It is therefore submitted that the exclusionary clause * * * applies only to settlements made with the owner or operator or other person who

might be legally responsible for the actions of such owner or operator of the uninsured vehicle and does not refer to a settlement with the owner or operator of an insured vehicle involved in the same accident." (Emphasis added.)

We agree with the trial judge's construction, support for which is provided by *Francis* v. *Sheper* (1949), 326 Mich 441, 448, wherein the Court quoted with approval from *Pietrantonio* v. *Travelers Insurance Company of Hartford Connecticut,* 282 Mich 111, 116:

"It is a principle of law, too well established in this jurisdiction and others to need discussion or citation of authorities that a policy of insurance couched in language chosen by the insurer must be given the construction of which it is susceptible most favorable to the insured; that technical constructions of policies of insurance are not favored; and that exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer."

The second issue concerns the construction of the limits of liability provision in the uninsured motorist section, which provides:

## "LIMITS OF LIABILITY

"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including dam-

ages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

"(b) *Any amount payable* under the terms of this Part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by

"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A, and

"(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law." (Emphasis added.)

Appellant contends that subsection (b) modifies subsection (a) so that the settlement amount must be subtracted from the coverage limit of $10,000. Defendants and the trial court agree that the subsections of the provision independently modify the main clause of section (H) which directs the company to pay "all sums" recoverable as damages. Therefore, the settlement amount from the insured motorist must be subtracted from the total damages arising out of the accident. Support for this construction is supplied both by the principles of construction set forth in the *Francis* case, *supra,* and *Michigan Mutual Liability Company* v. *Mesner* (1966), 2 Mich App 350, which construed the subsections of a nearly identical insurance policy provision as independently modifying the section's main clause.

We agree with the lower court's ruling that the plaintiff is liable for the amount of damages suffered,

reduced by the settlement amount, the liability not to exceed $10,000.

Affirmed. Costs to appellees.

HOLBROOK and KAUFMAN, JJ., concurred.