MEDICA, INC., d/b/a Medica Choice, Appellant,

v.

ATLANTIC MUTUAL INSURANCE COMPANY, Respondent.

No. C5–95–2489.

Court of Appeals of Minnesota.

July 9, 1996.

Review Granted Sept. 20, 1996.

---

Kevin P. Hickey, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Appellant.

Timothy J. Leer, Johnson & Condon, P.A., Minneapolis, Lisa Marco Kouba, Mark D. Paulson, Clausen Miller, P.C., Chicago, IL, for Respondent.

Before NORTON, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

PETERSON, Judge.

The district court entered summary judgment, ruling that appellant Medica Inc., d/b/a Medica Choice (Medica), a health maintenance organization, had neither conventional nor equitable subrogation rights against respondent Atlantic Mutual Insurance Company (Atlantic), a general liability insurer. We affirm.

## FACTS

Medica was the holding company for Physician's Health Plan of Minnesota (PHP) and Share Health Plan (Share). On February 16, 1992, Lulu Syring, a PHP member, sustained injuries on the premises of Zion Lutheran Church of Anoka. On February 20, 1992, Elsie Patch, a PHP member, sustained injuries on the premises of Wayzata Community Church. On March 31, 1993, PHP and Share merged, and Medica succeeded to all their

rights and obligations. On November 13, 1993, Ronald Randall, a Medica member, sustained injuries on the premises of Colonial Church of Edina. Medica paid a total of $7,487.96 for the medical expenses of these three injured members.

The three churches where the injuries occurred were insured by Atlantic under an Insurance for Churches general liability policy, which provides in relevant part:

  a. We will pay medical expenses as described below for "bodily injury" caused by an accident * * *.

  b. We will make these payments regardless of fault. These payments will not exceed the applicable Limit of Insurance.

Medica sought to subrogate against Atlantic to recover the amounts paid for the medical expenses of its members. Atlantic denied recovery, and Medica brought a declaratory judgment action requesting an order of the court requiring Atlantic to pay medical expenses paid by Medica on behalf of its members. On cross-motions for summary judgment, the district court denied Medica's motion and granted Atlantic's motion, concluding Medica had no right of subrogation because the PHP and Medica policies did not provide conventional subrogation rights and because equitable subrogation principles did not apply. Medica appeals.

### ISSUE

Does Medica have a right of subrogation against Atlantic for medical expenses paid?

### ANALYSIS

■ Whether there is a right of subrogation is a question of law. *Fire Ins. Exch. v. Adamson Motors,* 514 N.W.2d 807, 809 (Minn.App.1994). A reviewing court need not give deference to a district court's decision on a legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Subrogation rights can be based on an agreement between the parties (conventional subrogation)

or on the equities of the situation (equitable subrogation). *Westendorf by Westendorf v. Stasson,* 330 N.W.2d 699, 703 (Minn.1983).

### I. Conventional Subrogation

The district court concluded that the plain language of the PHP and Medica Choice policies did not provide for conventional subrogation. We agree.

### 1. The PHP policy

■ Because Patch and Syring were injured in 1992, before the merger of PHP and Share into Medica, the women were covered under their PHP policies. The PHP policies issued to Syring and Patch provide:

  1. After PHP provides coverage for *benefits,* PHP has the right to recover any amount which PHP was not responsible for according to this section.

  2. PHP may recover from:

    ● the person we have paid or for whom we have paid;

    ● other Plans; or

    ● other organizations.

The PHP policies also contain an "Order of Rules" to be followed to determine which plan pays first when a member is covered under the PHP policy and another plan. The Order of Rules refers to several specific types of plans and concludes with a catch-all category, which states that if none of the listed types of plans apply, "the Plan which has covered you the longest will apply first."

Although this provision does not use the word "subrogation," this court has recently held that such language creates a general right of conventional subrogation. *Hershey v. Physicians Health Plan of Minnesota, Inc.,* 498 N.W.2d 519, 520–21 (Minn.App. 1993). Nevertheless, the PHP policy also provides a list of other plans that must pay first, and the type of plan provided by Atlantic is not listed. Therefore, the catch-all provision applies, and Medica, the policy that covered Syring and Patch the longest, pays first. Under the plain language of the PHP policy, Medica has no right of conventional subrogation against Atlantic.[1]

---

1. Although Atlantic may be a "Secondary Plan,"        responsible only for medical expenses that ex-

## 2. The Medica Choice policy

■ Because Randall was injured after the PHP/Share merger, he was covered under his Medica policy, which provides:

> If you are injured and receive HMO *benefits* under the Contract, Medica Choice shall have the right to subrogate against any party, individual or other entity who may be *legally responsible for your injuries*. Medica Choice's right of subrogation shall be governed according to this section.

(Second emphasis added.) Medica argues its policy provides for subrogation against both tortfeasors and insurers because both are legally responsible for the injuries either as the entity that *caused* the injuries or the entity that must *compensate* for the injuries. Atlantic, on the other hand, argues that "legally responsible for your injuries" refers only to tortfeasors.

Nothing in the Medica policy limits the phrase "legally responsible for your injuries." Because there is no reason to conclude that the phrase refers to an entity that is responsible for some injuries, but not for others, we conclude that the Medica policy provides for subrogation only against an entity that is legally responsible for all of an injured member's injuries. Under its policy, Atlantic is required to pay only medical expenses for bodily injury caused by an accident. There are many injuries that Randall could have suffered, *e.g.*, pain and suffering, for which Atlantic would not be legally responsible. Therefore, under the plain language of the Medica policy, Medica has no right of conventional subrogation against Atlantic.[2]

We find support for this conclusion in cases of foreign jurisdictions. *See, e.g., Arizona Property & Casualty Ins. Guar. Fund v. Herder*, 156 Ariz. 203, 751 P.2d 519, 524, 525 (1988) (interpreting "[person] legally responsible" to refer to person who inflicted

injuries, adding that "[i]t does not include insurers whose contractual liability is not based upon responsibility for inflicting the injuries"); *Michigan Mut. Liab. Co. v. Karsten*, 13 Mich.App. 46, 163 N.W.2d 670, 671–72 (1968) (interpreting "[person] legally liable" to mean "person legally liable for injuries caused by an accident"), *leave to appeal denied* (Mich. Dec. 11, 1968); *Employers Health Ins. v. General Casualty Co.*, 161 Wis.2d 937, 469 N.W.2d 172, 176–77 (1991) (interpreting "responsible third party" to mean tortfeasor); *Hamed v. County of Milwaukee*, 108 Wis.2d 257, 321 N.W.2d 199, 204 (1982) (interpreting "person responsible for such injury or death" to refer to the person who caused the injury). We find further support in a 1988 opinion of this court, concerning the stacking of insurance benefits, in which we interpreted "persons * * * legally responsible" to refer to a tortfeasor. *Ballavance v. Safeco Ins. Co.*, 432 N.W.2d 185, 188–89 (Minn.App.1988), *review denied* (Minn. Jan. 25, 1989).

## II. Equitable Subrogation

> The object of subrogation is to place the charge where it *ought* to rest, by compelling the payment of the debt by him who *ought in equity to pay it.*

*Northern Trust Co. v. Consolidated Elevator Co.*, 142 Minn. 132, 138, 171 N.W. 265, 268 (1919) (emphasis added), *quoted in Westendorf*, 330 N.W.2d at 703. Subrogation "will never be enforced when the equities are equal." *Northern Trust*, 142 Minn. at 138, 171 N.W. at 268. Finally, absent express contract terms to the contrary,

> subrogation will not be allowed where the insured's total recovery is less than the insured's actual loss.

*Westendorf*, 330 N.W.2d at 703; *see also Share Health Plan, Inc. v. Marcotte*, 495

---

ceed PHP's coverage limits, Medica does not argue that its medical payments have exceeded its coverage limits.

2. Medica argues that the district court has carelessly created a new tortfeasor rule, allowing subrogation only against tortfeasors. Medica cites 6A John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 4051, at 110 (1972) for the general rule that

subrogation is not limited to cases where the liability of the third person is founded in tort, but any right of the insured to indemnity will pass to the insurer upon payment of the loss. The district court did not conclude that, in all cases, subrogation is allowed only against a tortfeasor. Rather, the district court concluded that the plain language of the Medica policy allowed conventional subrogation only against a tortfeasor.

N.W.2d 1, 4 (Minn.App.1993) (one purpose of subrogation is to prevent double recovery), *review denied* (Minn. Mar. 30, 1993).

█ The district court determined that Atlantic is not the entity that "ought in equity" to pay because the Medica and Atlantic policies "all provide medical payments and neither party has superior rights as against the other." We agree.

Medica does not claim that Atlantic should be responsible for paying the medical expenses of the injured Medica members because Atlantic's insureds caused the injuries. Medica claims only that Atlantic is responsible for the medical expenses under the terms of its contracts with its insureds. But Medica is also responsible for the medical expenses under the terms of its contracts with its insureds. Therefore, the equities between the parties are equal, and equitable subrogation rights do not lie.

Finally, Medica does not argue that its insureds made a double recovery, rather it argues the court's denial of subrogation rights permits double recovery in the future. This speculative argument does not present a basis for reversing the district court's decision.

## DECISION

The district court properly denied Medica both conventional and equitable subrogation rights against Atlantic.

**Affirmed.**